IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MAYRA VANESSA GANDARA ESCARCEGA,**

                         **Petitioner,**

      v.                                      CASE NO. 11-3012-RDR

**JOE KEFFER,**

                         **Respondent.**

### O R D E R

Before the court is a pro se petition seeking habeas corpus relief under 28 U.S.C. § 2241, submitted by a prisoner currently incarcerated in a federal facility in Texas.

Court records disclose that petitioner was convicted in the District of Kansas of money laundering, and sentenced on November 30, 2009. *See U.S. v. Garcia-Rodriguez, et al.,* Case No. 07-20099-JWL. Petitioner filed no appeal, or any motion seeking relief under 28 U.S.C. § 2255. Petitioner now contends she was convicted of a non-existent crime pursuant to the Supreme Court's decision in *U.S. v. Santos*, 553 U.S. 507 (2008), and argues there is jurisdiction under § 2241 to remedy this miscarriage of justice.

It is generally established that "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined," whereas a motion under 28 U.S.C. § 2255 "attacks the legality of detention, and must be filed in the district that imposed the sentence." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th

Cir.2000)(*quotation marks and citation omitted*).  Section 2241 "is not an additional, alternative, or supplemental remedy to ... § 2255," and may be used to challenge the validity of a conviction only if it is shown that the remedy under § 2255 is "inadequate or ineffective".  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996).

The court does not decide whether petitioner could even satisfy this demanding showing for the purpose of proceeding under § 2241, because it is clear that petitioner's attempt to seek relief under § 2241 must be brought in the district where she is confined.  This court has no jurisdiction over petitioner's current custodian, thus petitioner is directed to show cause why this action should not be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the instant petition seeking relief under 28 U.S.C. § 2241 should not be dismissed without prejudice due to this court's lack of jurisdiction.

DATED:  This 14th day of April 2011, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge